IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALLEN WOLFSON,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED CONCERTS, et al.,<br><br>　　　　　Defendants. | **REPORT & RECOMMENDATION**<br><br>Case No: 2:05-CV-798 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

　　　　Allen Wolfson, a citizen of Utah, presently incarcerated in New York, filed a pro se complaint against United Concerts, David McKay, Jim McNeal and "several John Does."[1] The named defendants have filed a motion to dismiss,[2] and Wolfson has filed a motion for entry of default.[3] After reviewing Wolfson's complaint, the court concludes that it should be dismissed for lack of subject matter jurisdiction.

---

[1] Complaint.

[2] Docket no. 13, filed December 1, 2006.

[3] Docket no. 17, filed February 16, 2007.

**MOTION TO DISMISS**

Wolfson has not filed an opposition to the motion to dismiss. But in the motion for entry of default, he intimates that he did not receive notice of the motion to dismiss.[4] Wolfson states: "Defendants have apparently filed a notice to dismiss and have failed to notify plaintiff."[5]

Rule 5 of the Federal Rules of Civil Procedure provides: "Service by mail is complete on mailing."[6] "[N]onreceipt . . . of the papers by the person to be served generally does not affect the validity of the service."[7]

The court notes that attached to both the motion to dismiss and the supporting memorandum are Certificates of Service which certify that copies of the documents were mailed, postage prepaid, to Wolfson on December 1, 2006. Further, the court has examined the certificates and confirmed that the addresses contained therein match the address provided by Wolfson in his filings. Wolfson has provided no sworn statement or other evidence that he did not receive the documents. Further, Wolfson obviously was aware of the motion to dismiss at the time he filed the motion for entry of default in February 2007. Thus, he has had ample opportunity to respond to the motion, or to request an extension of time, but has failed to do so.

---

[4] Because Wolfson is proceeding pro se, the court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[5] Docket no. 17, filed February 16, 2007.

[6] Fed. R. Civ. P. 5(b)(2)(B).

[7] 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1148 (3d ed. 2002)(citing *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262 (10th Cir. 1999))(holding that report and recommendation was served when mailed to last known address where plaintiff had failed to notify court of change of address); *see also Davis v. Simon Prop. Group*, No. 00-6369, 9 Fed. Appx. 876, 2001 WL 557984 (10th Cir. May 24, 2001)(unpublished)(holding service sufficient where defendant mailed motion for summary judgment to address listed in complaint).

Although Wolfson asserts jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), he fails to assert any claim "arising under the Constitution, laws, or treaties of the United States."[8] At most, Wolfson's complaint can be construed to assert claims based on breach of contract or fraud, both of which are questions of state law. Consequently, Wolfson has failed to state any federal claim.

Subject matter jurisdiction could not be based on diversity of citizenship under 28 U.S.C. § 1332. Wolfson states that he is "a resident of Utah."[9] At least one of the defendants, United Concerts, Inc., is a Utah corporation with its principal place of business in Utah,[10] and is thus also a resident of Utah.[11] Because complete diversity is lacking and no federal claim exists, the court lacks jurisdiction over the subject matter. Accordingly, the court should decline to exercise supplemental jurisdiction over Wolfson's state law claims.[12]

---

[8] 28 U.S.C. § 1331.

[9] Complaint at 1. Wolfson could not allege diversity of citizenship based on his incarceration in another state. His state of citizenship is Utah for purposes of diversity jurisdiction. *See* Ferrer v. Dailey, No. 96-3155, 1996 WL 731618, at *1 (10th Cir. Dec. 20, 1996) (unpublished)(stating that inmate's state of citizenship is the state of which he was a citizen before he was sent to prison).

[10] Memorandum in Support of Motion to Dismiss at 2, docket no. 14, filed December 1, 2006.

[11] See 28 U.S.C. § 1332(c)(1).

[12] *See* United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1219-20 (10th Cir. 2000)(stating that district court may exercise supplemental jurisdiction over state claims only "if the federal claim had 'substance sufficient to confer subject matter jurisdiction on the court.'")(citations omitted), *aff'd*, 532 U.S. 588 (2001); *see also* 28 U.S.C. § 1367(c)(3).

**MOTION FOR ENTRY OF DEFAULT**

Wolfson has filed a motion for entry of default[13] under Rule 55(a) of the Federal Rules of Civil Procedure.  Wolfson previously filed a motion for entry of default[14] which was denied because Defendants already had filed a motion to dismiss.[15]  In the present motion, Wolfson again asks for entry of default on the ground that Defendants have neither filed an answer nor asked for an extension of time in which to do so.

There is no basis for an entry of default in this case, however, because Defendants timely responded to the complaint by filing both an answer[16] and a motion to dismiss.[17]  Accordingly, Wolfson's motion for entry of default should be denied.

---

[13]Docket no. 17, filed February 16, 2007.

[14]Docket no. 15, filed January 24, 2007.

[15]Docket no. 16, filed January 29, 2007.

[16]Docket no. 12, filed December 1, 2006.

[17]Docket no. 13, filed December 1, 2006.

## RECOMMENDATION

Defendants' motion to dismiss should be **GRANTED**,[18] and the complaint dismissed for lack of subject matter jurisdiction. Wolfson's motion for entry of default should be **DENIED**.[19]

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation. The parties are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

August 20, 2007.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[18]Docket no. 13, filed December 1, 2006.

[19]Docket no. 17, filed February 16, 2007.